UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Amber W., | Case No. 22-cv-2871 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi, *Acting Commissioner of the Social Security Administration*, | |
| Defendant. | |

---

This matter is before the Court on the parties' cross-motions for judgment.[1] (Dkts. 19, 21.) For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

## BACKGROUND

Plaintiff Amber W.[2] filed an application for Disability Insurance benefits on February 13, 2021, Admin. Rec. (Dkt. 17) at 392, and an application for Supplemental Security Income benefits on February 21, 2019. *Id.* at 405. Plaintiff alleged that she became disabled and unable to work as of February 9, 2013, as a result of schizophrenia,

---

[1] The new Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) no longer require parties to file cross-motions for summary judgment, but rather require the filing of a "brief for the requested relief." Supplemental Rule 6. Despite that the new Rules do not apply to this action because it was filed before December 1, 2022, Plaintiff filed such a brief. Based on the relief Plaintiff seeks, the Court characterizes Plaintiff's brief as a motion for judgment on the administrative record.

[2] It is the policy of this District to use only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

bipolar disorder, depression, anxiety, muscle spasms in her back, and arthritis. *Id.* at 461. Plaintiff later amended the onset date of her disability to May 1, 2019. *Id.* at 36.

It appears from the Administrative Record that the applications at issue are not Plaintiff's first applications for disability benefits. *See id.* at 80 (noting prior electronic filings in 2006, 2010, 2014, and 2017). All of these previous applications were denied initially and on reconsideration, and three of the previous applications resulted in an administrative hearing. *Id.* Other than a list of the dates of each administrative action, Plaintiff's prior filings are not included in the record before the Court, and the record is silent as to the disabling conditions on which she relied for those filings.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. *Id.* § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's applications for benefits were denied initially and on reconsideration. Admin. Rec. at 79-101, 102-24, 129-49, 150-70. In September 2020, June 2021, and October 2021, an Administrative Law Judge ("ALJ") held hearings on Plaintiff's

3

applications.[3]  Plaintiff testified at two of these hearings and was represented by an attorney. *Id.* at 30-75.  After the hearings, the ALJ determined that Plaintiff has multiple severe impairments: degenerative disc disease, obesity, major depressive disorder, bipolar disorder, schizoaffective disorder, and anxiety disorder. *Id.* at 13.  The ALJ found, however, that none of these impairments, either alone or in combination, meets or medically equals any listed impairments. *Id.* at 13-14.  The ALJ determined that Plaintiff has the capacity for medium work with some physical and mental restrictions, including that she could only occasionally climb ladders, ropes and scaffolds, could perform only simple, routine tasks, and could have only occasional interaction with supervisors and co-workers, and no interaction with the general public. *Id.* at 15.  The ALJ noted that although these restrictions would prevent Plaintiff from returning to her previous employment, there were jobs Plaintiff could perform in the national economy. *Id.* at 20-21.  The ALJ thus concluded that Plaintiff was not disabled. *Id.* at 21.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## ANALYSIS

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole."

---

[3] Plaintiff objected to the ALJ holding the September 2020 hearing by telephone and it was adjourned without testimony.  Admin. Rec. at 58-61.  The rescheduled hearing was not held until June 2021, and that hearing was continued to resolve recordkeeping issues. *Id.* at 74.  The proceedings concluded in October 2021. *Id.* at 30-55.

*McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff does not take issue with the ALJ's determination that she is physically able to work. Plaintiff contends that the ALJ erred in determining that she had only mild or moderate limitations in certain areas, and in the evaluation of two mental-health opinions.

I.     **Mental-Functioning Limitations**

Plaintiff first argues that the ALJ erred in determining that Plaintiff has only moderate or mild impairment in two areas of functioning: Plaintiff's ability to sustain concentration, persistence, and pace, and her ability to adapt and manage herself. According to Plaintiff, the medical evidence in the record demonstrates that Plaintiff has moderate to severe limitations in these areas. As a result, Plaintiff contends, the ALJ should have determined that she has listing-level mental impairments under step three of the evaluation process described above.

Even if the ALJ erred in determining Plaintiff's functioning under the functional, or "Paragraph B," criteria of each of her mental-health diagnoses—schizophrenia, depression, and anxiety—Plaintiff does not have a listing-level impairment for any of these diagnoses

5

unless she also meets the "Paragraph A" criteria for each. Plaintiff makes no argument in this regard, and that failure alone is fatal to her challenge to the ALJ's determination regarding whether Plaintiff met or medically equaled any listing-level impairment. But even if Plaintiff could satisfy the Paragraph A criteria for her mental-health diagnoses, she has not established that the ALJ incorrectly determined that she did not meet the Paragraph B criteria of marked or extreme limitations in her ability to adapt or manage herself or to concentrate, persist or maintain pace, as required to establish a listing-level impairment. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.03(B); 12.04(B), 12.06(B.)

The ALJ found that Plaintiff has a moderate limitation in concentration, persistence, and maintaining pace. *Id.* at 14. Plaintiff contends that the evidence on which the ALJ relied in support of her conclusion does not support it. According to Plaintiff, the "overwhelming weight of the evidence" establishes that Plaintiff has marked limitations in concentration, persistence, and maintaining pace.

In May 2019, Plaintiff underwent a consultative mental-health examination with Dr. Lyle Wagner, III. *Id.* at 916-21. Dr. Wagner noted that Plaintiff was disheveled and unwashed at this appointment, and she exhibited some difficulty with memory and cognition. *Id.* at 918, 919. Dr. Wagner opined that Plaintiff would have moderate to severe difficulty carrying out work tasks with reasonable persistence and pace, relating appropriately to brief and superficial contact with others, and tolerating the stress and pressure of the workplace. *Id.* at 920. A state agency consultant agreed that Plaintiff would have moderate limitations in these areas. *Id.* at 92, 97-98. Another consultant, however, found that Plaintiff would have marked limitations in concentration, persistence, and

6

maintaining pace, and that she likely could not perform even one- to three-step tasks in a sustained manner. *Id.* at 140, 147.

Plaintiff argues that, in light of Dr. Wagner's opinion, the ALJ should have found that Plaintiff had a marked impairment in her ability to concentrate, persist, and maintain pace. But the evidence on which she relies for this contention does not definitively establish that alleged degree of impairment. Rather, two of the three consulting opinions stated that Plaintiff's impairment in this area was moderate. And other evidence in the record, including the notes from Plaintiff's treating provider, show that Plaintiff did not have marked limitations in any areas. Rather the evidence showed that she had normal and appropriate thought processes, memory, attention and concentration. *See id.* at 942, 955, 965-69, 975, 993, 1001, 1008-10, 1076-79. Although several of these visits were telehealth appointments as a result of the coronavirus pandemic, Plaintiff self-reported that she was doing well and not feeling anxious or depressed.

The ALJ took all of this evidence into consideration, noting that although Plaintiff's May 2019 examination indicated that Plaintiff had serious limitations in her ability to concentrate, persist, or maintain pace, "subsequently [Plaintiff] exhibited focused attention and concentration, intact and logical thought process, and rated her anxiety/depression at less than moderate scale for much of the period at issue." *Id.* at 14 (citing, *inter alia*, *id.* at 939, 1050). Plaintiff's treatment records, both those that the ALJ specifically referenced and other records, support the ALJ's assessment. In treatment notes from September and October 2019, Plaintiff's provider reported that Plaintiff "overall . . . feels like she is doing well and the medications are well tolerated." *Id.* at 939. Plaintiff exhibited intact insight,

7

judgment, and memory, both remote and recent, and her attention span and concentration were deemed "focused." *Id.* at 942.  Her mood was described as "anxious, depressed . . . AT TIMES." *Id.*  In another note, Plaintiff reported "some feeling down, depressed, hopeless" but also that she was "managing well" overall. *Id.* at 952.  She again exhibited intact memory, logical thought content, goal-directed thought process, and focused attention/concentration. *Id.* at 955.  In treatment notes from June and July 2021, Plaintiff reported feeling "okay this week," *id.* at 1053, and that she was "looking for a different job." *Id.* at 1056.  Her provider described her as "stable," although her depression was "slightly worse." *Id.* at 1057-58.  Plaintiff had normal mood, appropriate affect, logical thought processes, and her attention span and concentration were focused. *Id.* at 1060.  Indeed, when Plaintiff asked the provider to fill out a form, presumably to support Plaintiff's application for disability benefits, the provider said that she "would indicate[] her opinion that provider does not see an immediate barrier to employment." *Id.* at 1001.

It is the ALJ's role "to resolve conflicts in experts' opinions." *Clay v. Barnhart*, 417 F.3d 922, 930 (8th Cir. 2005).  Despite Plaintiff's insistence, the record evidence is contradictory regarding the effect of Plaintiff's mental-health issues on her ability to concentrate and maintain pace.  And the ALJ is required to "weigh *all* the evidence in the record." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (emphasis added).  It would have been erroneous for the ALJ to base her determination solely on Dr. Wagner's examination report, in light of Plaintiff's more-recent treatment notes.  Moreover, "[i]f the record supports two inconsistent conclusions, this court must affirm the Commissioner's choice among those two conclusions." *Bagwell v. Comm'r, Soc. Sec. Admin.*, 916 F.3d

1117, 1119 (8th Cir. 2019). Substantial evidence supports the ALJ's determination that Plaintiff was moderately and not markedly limited in her ability to concentrate, persist, and maintain pace.

Plaintiff also argues that the record evidence is unequivocal that Plaintiff had at least moderate limitations in the Paragraph B criteria of adapting and managing herself, making the ALJ's determination that Plaintiff had only a mild limitation erroneous. But even if the ALJ had determined that Plaintiff had a moderate limitation in adapting and managing herself, the ALJ would not have concluded that Plaintiff had a listing-level impairment. To meet or medically equal a listing-level impairment, Plaintiff must have extreme limitations in one or marked limitations in two of four areas of functioning. The ALJ concluded that Plaintiff had moderate impairments in the other three areas of functioning. Admin. Rec. at 14. Plaintiff, therefore, could not meet the Paragraph B criteria even if the ALJ had made the determination that Plaintiff urges here.

But as with the ALJ's determination regarding Plaintiff's ability to concentrate and maintain pace, the ALJ's evaluation of Plaintiff's ability to adapt and manage herself was supported by substantial evidence. The ALJ noted that Plaintiff made "significant improvement" since the May 2019 examination, when she had poor grooming and hygiene. *Id.* Plaintiff's mental-health symptoms did not interfere with her activities of living. *Id.* And her mental-status examinations "have been routinely unremarkable." *Id.* The ALJ properly determined that Plaintiff has only a mild limitation in adapting and managing herself.

9

## II.     Evaluation of Medical Opinion Evidence

Plaintiff also challenges the ALJ's evaluation of the medical opinion evidence, contending that the opinions of Dr. Wagner and an agency reviewer, Dr. Biscardi, should have led to an immediate grant of disability benefits in Plaintiff's favor.  She argues that the ALJ failed to account for the episodic nature of mental-health disorders in determining that Plaintiff's symptoms were not consistently disabling.  Plaintiff also contends that the ALJ erred as a matter of law by not acknowledging the opinion of Dr. Boyd, who reviewed Dr. Wagner's examination notes application to determine whether another consultative examination was warranted.  And Plaintiff asserts that, because the state agency psychologist at the reconsideration level of review opined that she was unable to handle tasks and stressors associated with work activities, the Commissioner should have awarded her benefits at that stage.

Plaintiff's first two assertions seem to be a challenge to the RFC, contending that it did not incorporate all of the limitations in Dr. Wagner's and Dr. Biscardi's opinions or account for the fact that mental-health symptoms are not always consistent.  But the ALJ thoroughly addressed all of the medical opinion evidence, explaining why she found the opinions of Dr. Wagner and Dr. Biscardi less than persuasive as to the current status of Plaintiff's mental-health limitations.  Specifically, the ALJ noted that Plaintiff's treating provider, someone who saw Plaintiff frequently, did not note any serious mental-health symptomatology in years of treatment notes after the alleged disability-onset date.  Indeed, as addressed previously, that provider did not believe that Plaintiff was unable to work and told Plaintiff as much.  Admin. Rec. at 1001.

The ALJ is responsible for determining Plaintiff's limitations. *See* 20 C.F.R. § 404.1546(c); *see also Mark S. v. Saul*, No. 18-CV-02936-HB, 2020 WL 1043795, at *7 (D. Minn. Mar. 4, 2020) ("The ALJ is responsible for assessing a claimant's RFC."). The ALJ "is not required to adopt all limitations proposed by [expert reviewers]—even if the ALJ has accorded that [expert's] opinion substantial weight." *Id.* at *6. Rather, the RFC must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013). The ALJ thoroughly examined all of the evidence in the record in explaining how she determined Plaintiff's RFC and why she found certain medical evidence less persuasive than other evidence. The RFC is supported by substantial evidence.

Plaintiff's argument that the ALJ did not properly consider the opinion of Dr. Boyd is without merit. Dr. Boyd did not offer an independent medical opinion. Rather, less than three months after Dr. Wagner's examination of Plaintiff, Dr. Boyd was asked to determine whether another consultative examination was warranted. Admin. Rec. at 88. Dr. Boyd credited Dr. Wagner's opinions, finding Dr. Wagner's examination "well done." *Id.* He noted that Plaintiff presented at that examination with a disheveled appearance, lending credence to her diagnosis of schizotypal disorder and her antipsychotic medication dosage. *Id.* And Dr. Boyd commented that contradictory evidence regarding Plaintiff's symptoms "would not be unexpected given the nature of [Plaintiff's] psychiatric conditions." *Id.* Dr. Boyd did not offer, or purport to offer, any medical opinion regarding Plaintiff's mental-health limitations. Dr. Boyd's comments are an endorsement of Dr. Wagner's

11

conclusions. They are not, as Plaintiff argues, another medical opinion that the regulations required the ALJ to address.

Finally, Plaintiff insists that the Commissioner erred by not awarding Plaintiff benefits at the reconsideration stage in light of Dr. Biscardi's opinion that Plaintiff could not perform even one- to three-step tasks or other functions necessary for competitive employment. *Id.* at 147. At issue, however, is not the entire administrative-determination process, but whether substantial evidence supports the Commissioner's final decision to deny benefits. *McKinney*, 228 F.3d at 863. The ALJ discussed Dr. Biscardi's opinions regarding Plaintiff's abilities, noting that they were "not consistent with the improvement within [a] month of the alleged onset date" and were made with "little evidence of continued cognitive findings." Admin. Rec. at 19. The ALJ noted that Dr. Biscardi's reconsideration-level opinion was "internally inconsistent" because it adopted a disabling mental functional capacity but nevertheless found Plaintiff not disabled. *Id.* And the ALJ noted that the opinion was inconsistent with the record as a whole, which showed that Plaintiff's mental health had improved substantially throughout the period in question, with "little evidence of cognitive limitations." *Id.*

It is the ALJ's responsibility to review all of the evidence, not merely adopt one finding from a previous administrative reviewer. *See Myers*, 721 F.3d at 527. Nor is the ALJ "required to explicitly reconcile every conflicting shred of medical evidence." *Austin*, 52 F.4th at 729 (cleaned up). The ALJ thoroughly reviewed the evidence in this case and determined that Plaintiff is able to perform work that exists in the national economy. This conclusion is supported by substantial evidence.

**ORDER**

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Therefore, based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Kilolo Kijakazi's motion for summary judgment, (Dkt. 21), is **GRANTED**.

2. Plaintiff Amber W.'s motion for judgment, (Dkt. 19), is **DENIED**.

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 12, 2023         s/ Wilhelmina M. Wright
                                 Wilhelmina M. Wright
                                 United States District Judge